## WILLIAM H. WHEELOCK V. THE STATE.

A house which is not occupied as a dwelling house or a business house, if it be a place where people resort for gaming or other purposes, is an out-house, within the meaning of the Statute against gaming ; and the fact that it is occupied as a sleeping apartment, makes no difference.

It seems that even a dwelling or business house, by being used as a common resort for the purpose of gaming, becomes a public place, where people resort, within the meaning of the Statute against gaming.

Appeal from Robertson.   Indictment for playing cards for money "at a certain out-house in the town of Wheelock, in said county, to which people then and there resorted."   The evidence was: first witness saw defendant playing cards for money, in a house in the town of Wheelock, in the summer of 1854 ; one room of the house was occupied as a sleeping apartment by A. J. Street ; he had frequently been to the house to see Street, and played smut in the house ; he had seen persons frequently going there ; Street was occupying the house.   A. J. Street sworn, says he has occupied one room of the house as a sleeping apartment ; the house was owned by H. Sheats, and witness was boarded by him, and witness was placed in the room for his bed room ; persons frequently visited the house to see him ; one room of the house contained the wagon maker's tools ; he was the sole occupant of the house, and had occupied it for three or four months prior to that time, previous to which time it had been closed for months ; it was formerly occupied as a grocery, and is now used as a gunsmith's shop. The Court charged the jury as follows :

An out-house, in contemplation of the Statute, is any house not ordinarily occupied as a dwelling house or place of business ; and if people commonly resort to such house for the purpose of playing cards, or any other general purpose, making it a place for common meeting, it would be a place where card-playing for money would be prohibited by law.

Where a person uses a vacant house for a sleeping apartment only, and the house is not otherwise occupied, but people are permitted to resort to the place commonly, and do resort there and play cards for money, the place would be such an out-house as is contemplated by law.

If the person who slept in the house, did it for a mere device or blind, to evade the law, the fact that it was used as a sleeping place, would not avail the defendant.

The defendant asked the following charge, which was refused:

If the jury believe from the evidence, that the place where the playing is charged to have been committed, was a workshop, they cannot find the defendant guilty of unlawfully playing cards in an out-house where people resort.

The defendant then asked the following charge, which was given:

If the jury believe from the evidence, that the place where the playing took place was in a private house, used and occupied by any person in good faith, purely as a private sleeping place, they must find the defendant not guilty.

Verdict of guilty.   Motion for new trial overruled, &c.

*G. F. Moore*, for appellant.   The indictment in this case is similar to that in No. 551, (preceding case) upon my brief in which, and also my brief in No. 402 (next case) I respectfully submit the case.   The *locus in quo* was certainly not an out-house; one room was occupied as a wagon-shop in which the proprietor was at work, as he says, from five to six days in the week,* and the other room was used as a bed-room, and it had been thus occupied for a considerable space of time.

*F. L. Barziza;* also, for appellant.

*Attorney General,* for appellee.

* This is a mistake; no such testimony in the record. Perhaps it was omitted in preparing the statement of facts. REPS.

Wheelock v. The State.

WHEELER, J. The charge given by the Court was certainly as favorable to the defendant as he could ask, and the only charge asked by him was given.

It seems from the evidence, that the house where the playing took place was one of very frequent resort; and there can be little doubt that it was a place of common resort for the purpose of gaming. Such, at least, was the conclusion the jury were warranted in drawing from the evidence; and it is evident such must have been their conviction; else, under the charge of the Court, they could not have found the defendant guilty.

The house unquestionably was an out-house, within the meaning of the Statute. (Wheelock v. The State, *Supra*.) It would not come so properly under any other description of house. It certainly was not a dwelling house, or a business house, or any other description of house mentioned in the Statute. It was better described as an "out-house" than as a public place. And it has been expressly decided that a house, and even a dwelling house, may be made a public place within the provision of the Statute against gaming, by the proprietor making it a place of the common resort of persons for gaming. That the conviction was right is free from doubt; and the judgment is affirmed.

Judgment affirmed.