## The State v. Thomas H. Norton.

The Code of Criminal Procedure repealed the Statute which required as-
signments of error to be filed in the Court below, so far as appeals in crimi-
nal cases are concerned ; and such assignments may now be made in the Su-
preme Court.

An indictment for gaming, which charged the defendant with playing cards
for money "at an out house to which divers persons did then and there re-
sort," is sufficient under the Statute, which imposes a punishment on play-
ing cards for money in an "out-house where people resort."

The result of previous decisions as to what is an out-house where people resort
is, that the out-house must be one to which the people have resorted on more
than one occasion, or that more persons than those actually engaged in play-
ing, are assembled on the particular occasion at which the offence is charged
to have been committed.

Appeal from Wood.    Tried below before the Hon. Charles
A. Frazer.

Indictment for gaming, quashed on motion of defendant.
The averment of the indictment, in the particular objected to,
is fully stated in the Opinion.

*Attorney General*, for appellant, cited the provisions of the
Code of Criminal Procedure, referred to in the Opinion, and
then argued as follows :

I understand the effect of these provisions to be, that no
rule of practice, in force by virtue of former statutory laws, is
operative.   Defects in the new system of procedure are to be
supplied by reference to the Common Law; or the Court, under
Art. 745, may make rules of practice upon appeal, to supply
omissions.   There being no rule of Court upon this particular

subject, and the practice of requiring an assignment of errors being derived from the Statute, it follows that no such require-ment is now in force.

The objection to the sufficiency of the indictment applies to the averment that the game of cards was played " in a certain " outhouse to which divers persons did then and there resort."

It is presumed that the District Court construed the words " where people resort," to mean where people usually or habit-ually resort. But this is not the legitimate meaning of the phrase. The Act intended to prevent gaming where crowds of persons were assembled, whether as a general habit or upon a particular occasion.

The rule stated in Wheelock v. The State, 15 Tex. R. 263, is that the place must be one to which people have resorted on more than one occasion, or at which more persons than the number actually engaged in the game were assembled on the particular occasion when the violation of law may have taken place.

This is doubtless the correct rule, and sustains the view already presented. Under the indictment in the present case, it would have been competent to prove that more persons, at the time stated in the indictment, had assembled together than those actually participating in the game of cards.

*D. O. Norton*, for appellee. We think the indictment in this case cannot be sustained by any of the known rules of law, inasmuch as it deviates so far from the Statute, as to substitute particular for general terms. (Wheat. Cr. L. 91, 92.)

HEMPHILL, CH. J. In this case there is no assignment of error, and the first question is whether the rule, requiring such assignment on appeals in criminal cases, has been repealed by the new Code. The Attorney General cites in support of the affirmation of this proposition, the following Article of the

Code of Criminal Procedure, viz. : Art. 1st, " That this Code " is intended to embrace fully all the rules applicable to the " prevention and prosecution of offences against the laws of the " State." Section 4, p. 188, " That from and after the first " day of February, 1857, all Laws and parts of Laws which " regulate and refer to the prevention, suppression, prosecution " and proceedings for the punishment of crime, shall 'stand " repealed." Also Article 27th of the Code, viz. : " That " whenever it is found that this Code fails to provide a rule " of procedure in any particular state of case which may " arise, and is therefore defective, the rules of the Common " Law shall be applied and govern, when they are not incon- " sistent with the general principles on which this system of " procedure is founded." And further, that by Art. 745, it is provided that the " Supreme Court may make rules of proced- " ure as to the hearing of criminal actions upon appeal."

In our opinion the effect of these provisions is, that the rule of practice requiring assignments of error in appeals in crimi- nal cases to be made in the District Court, is no longer of force, and that this appeal cannot be dismissed for the want of such assignment.

The question in this case is upon the validity of the indict- ment.

The averment objected to as insufficient, is to the effect that the game of cards was played at an out-house to which divers persons did then and there resort.

This, in the motion to quash, is stated as neither following the language nor being within the intention of the Statute which, in relation to the offence, uses the words " out-house, " where people resort ;" whereas the indictment uses the spe- cial terms an outhouse where divers persons did then and there resort. It is not very easy to distinguish between the phrases an outhouse where people resort, and an out-house where divers persons resort. They are the same in sense and sub- stance. The Court below may have been of opinion that an

The State v. Norton.

out-house where people resort, meant one where the people usually or habitually resort ; and that an out-house where the people or divers persons resorted to on only one special occasion, did not come within the purview of the Statute. If so, there was a misapprehension, as we conceive, of the intention of the law. The question as to what constitutes an out-house where people resort, has been so fully discussed in the three several cases of Wheelock v. The State, 15 Tex. R. 253, 257, 261, that we are relieved from the necessity of again entering upon the subject. The result of those decisions is, that the out-house must be one to which the people have resorted on more than one occasion, or that more persons than those actually engaged in playing are assembled on the particular occasion at which the offence is charged to have been committed. Under this indictment, it was competent to prove that more persons than those actually engaged in playing were present on the occasion. The averment is sufficient, and there was error in quashing the indictment.

Reversed and remanded.