Opinion delivered March 15, 1889.

---

No. 6379.

J. P. LYNN *v.* THE STATE.

PRACTICE—PLAYING CARDS, ETC.—EVIDENCE.—The information charges that the accused, on March 5, 1888, did play a game of cards in a certain out house, "said out house being then and there a place where people did then and there resort." To authorize a conviction under this information it was necessary for the State to show by the evidence that the offense was committed prior to the presentation of the information, and that at the very time it was committed the said out house was a place where people resorted. See the opinion for the substance of evidence *held* insufficient to support a conviction for playing cards in a place of public resort.

APPEAL from the County Court of Coleman. Tried below before the Hon. J. T. Evans, County Judge.

The opinion discloses the nature of the case.

The penalty assessed against the appellant was a fine of ten dollars.

*Woodward & Vining,* for the appellant.

*W. L. Davidson,* Assistant Attorney General for the State.

WILLSON, JUDGE. This conviction is not supported by the evidence. It was not proved that the defendant committed the offense at a date prior to the presentment of the indictment. (Temple v. The State, 15 Texas Ct. App., 304.) It was not sufficiently proved that at the time the defendant played cards in the out house it was a place where people resorted. A witness testified that he had seen persons play cards in said out house one time prior to the time that the defendant played there, but did not state the time. It may have been so long prior as to have no bearing whatever in fixing the character of the place at the time defendant played there.

It was necessary that the State should prove that at the time defendant played in the out house it was *then* a place of resort; that is, a place where people were in the habit of going for gaming or other purposes. (The State v. Norton, 19 Texas, 102; Wheelock v. The State, 15 Texas, 260.)

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*