## F. C. FLOECKINGER V. THE STATE.

### No. 2602.  Decided June 3, 1903.

**Gaming—Private Residence—Information—Evidence.**

See opinion for information and evidence held sufficient to support a conviction of betting at a game of cards at a private residence.

Appeal from the County Court of Williamson.  Tried below before Hon. Chas. A. Wilcox, County Judge.

Appeal from a conviction of gaming at a private residence; penalty, a fine of $10.

The opinion states the case.

*Robertson & Goldstein,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of betting at a game of cards in a private residence, and his punishment assessed at a fine of $10.

The information sufficiently charges the offense of betting at a game of cards at a private residence, the allegation in this regard being that appellant did, "unlawfully play, bet and wager money and articles of value and the representative of money and articles of value, at a game of cards in the private residence of Mose Cinnamon there situate, said private residence being then and there occupied by a family, and said private residence being then and there one commonly resorted to for the purpose of gaming."  Article 379, as amended by the Acts of the Twenty-seventh Legislature, page 26, prohibits the playing at a game of cards for money at a private residence commonly resorted to for the purpose of gaming.  This is the allegation in the information.  However, appellant contends that the evidence fails to show that said Mose Cinnamon's private residence was commonly resorted to for the purpose of gaming.  We have carefully examined the evidence, and it shows there were a number of games played at said residence, extending from a space of time from the 1st of January until the 1st of July, 1902.  The witnesses say they know of six or eight times when they went to this residence and engaged in games of cards for money.  Both on account of the number of parties engaged in such games, as well as the number of games played, and the space of time over which these games extended, there was unquestionably sufficient evidence to raise the issue as to whether said private residence was commonly resorted to for the purpose of gaming; and the evidence was ample to authorize the finding that it was commonly resorted to for the purpose of gaming.  Wheelock v. State, 15 Texas, 264.  Appellant also contends that the evidence is not sufficient to establish that said house was a private residence.  We

have examined the record carefully in that respect, and we do not believe this point is well taken. There being no error in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]