### G. W. Huse v. The State.

No. 2714.   Decided April 13, 1904.

**Gaming—Private Residence—Dugout.**

Where on a trial for playing at a game of cards in a dugout not a private residence, it was shown that the same was used occasionally in connection with the house, the same was an outhouse within the contemplation of the statute where gaming is prohibited.

Appeal from the County Court of Baylor.   Tried below before Hon. B. M. Britain.

Appeal from a conviction of unlawfully playing at a game of cards in a dugout not a private residence; penalty, a fine of $10.

The opinion states the case.

*J. T. Montgomery* and *A. H. Britain,* for appellant.—On the proposition that the dugout was used as a private residence, or in connection therewith. Hipp v. State, 75 S. W. Rep., 28; 24 Am. and Eng. Enc. of Law, 693; 10 Id., 353; Mitchell v. Commonwealth, 88 Ky., 349; Art. 379, Penal Code; Wheelock v. State, 15 Texas, 253; Sisk v. State, 28 Texas Crim. App., 432.

*Howard Martin,* Assistant Attorney-General, for the State.—The State submits that it was not the intention of the Legislature to exempt outhouses from the provisions of the statute—such as barns, cellars, smokehouses, etc.—even though such homes may be used in a certain sense in connection with a private residence. If it was certain that appellant was using the dugout as a bedroom or as a kitchen at the time of the playing, perhaps he would not be guilty under the statute; but if he was not using it as such, he would be guilty, even though he would occasionally use the dugout as a stormhouse. And it is immaterial whether it was an outhouse or not. If it was not a private residence

appellant would be guilty under the law as amended by the Twenty-seventh Legislature.

BROOKS, Judge.—Appellant was fined $10 under an information containing two counts; the first charging appellant with unlawfully playing at a game of cards in a dugout, said dugout then and there not being a private residence occupied by a family; and the second count charging that he played at a game of cards at a certain outhouse, where people did then and there resort. The only question we deem necessary to pass upon is the sufficiency of the evidence to support the conviction. The following is substantially all of the testimony adduced on the trial: Witness Forrest Taylor testified he saw defendant playing cards in Warnica's dugout, which is situated in the north part of Seymour, Baylor County. Three or four others were engaged in the game. They were playing on a blanket spread on the floor; they knelt around it. There were some canned goods, groceries, chairs, a stove and a cot in the dugout where they were playing. Did not see any of Warnica's family in the dugout. The dugout is situated at the corner of the porch, and about ten feet from it. There was a cook stove in the dugout, and there was a coffee pot on it; don't think there was any table in the dugout. The walls were plastered and the floor was covered with matting or rugs; am not sure which. It is the custom of the people in this country to have dugouts, which they use as stormhouses in connection with their homes. Warnica testified that he was in the telephone business; witnessed the game in which defendant participated on the night of January 10, 1903. "It was played at my dugout at my private residence. Said dugout is about 10x12 feet, by 6 feet deep. On that night it contained a cot, stove, a few chairs and a table. The stove was a cook stove. I had a house on said lot. The house was about twelve feet southeast of the dugout. Have a family, consisting of a wife and five children. The family resided at my residence at the time said game was played. The family used the dugout for various purposes. We cooked in it occasionally. I slept in it occasionally; and very often resorted to it for the purpose of reading, and always resorted to it as a refuge from storms. Can not recollect the dates of the particular occasions in which I used it as a bed chamber, but occasionally used it for such purpose. My wife occasionally used it for the purpose of cooking. It was being used for these various purposes at the time of said game. Said dugout was a part of my private residence. There was but one game of cards played at this dugout prior to this one participated in by defendant, and that was about a week before." The residence had kitchen, dining room, three bed rooms and spare room.

In our opinion the evidence is sufficient to support the conviction. This testimony shows that the dugout was an outhouse within the contemplation of the statute, and the occasional use of the same in connection with the home, as indicated by the evidence, would not change

this fact. For a discussion of this question, see Wheelock v. State, 15 Texas, 257, and Sisk v. State, 28 Texas Crim. App., 432. The playing having taken place at an outhouse, it not then and there being a private residence, we hold that the evidence is sufficient. The judgment is accordingly affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]