RAFE HERRIN v. THE STATE.

No. 3569.   Decided October 17, 1906.

**1.—Gaming—Indictment—Private Residence—Owner—Betting.**

In a prosecution for gaming at a private residence occupied by a family, the indictment need not allege the name of the owner thereof; and the general allegation that the defendant bet at a game played with cards is sufficient, without alleging that any particular thing was bet.

**2.—Same—Common Resort for Gambling.**

On a trial for playing a game with cards at a private residence, where the evidence showed that there were three or four games played in which five or six parties indulged in defendant's residence where he and his family resided, etc., the same was sufficient to show that the place was a common resort for gambling.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. Robert Berger.

Appeal from a conviction of unlawfully playing at a game with cards; penalty, a fine of $25.

The evidence showed that as many as three or four games were played at defendant's residence where he resided with his family, in which he participated; that the games were played in the dining room on the dining table of defendant, at night, upon each occasion and that money was bet by the players at each game; that the dining room was reached through a hall; that the same parties played at each of three or four games at defendant's residence, and believed that by securing a private residence that they were exempt from prosecution; that these parties had first to get defendant's consent to play at his house.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The charging part of the indictment is, as follows: * * * "did then and there unlawfully play and bet at a game played with cards, said game then and there being played at a private residence, occupied by a family; said private residence then and there being commonly resorted to for the purpose of gaming." Motion was made to quash, (1) because the indictment fails to charge at whose private residence the game was played, thereby failing to place appellant on sufficient notice to which transaction he was called to answer; and (2) that it did not allege that appellant bet at the game of cards at such private residence. In regard to the first proposition, we have been cited to no authority which requires the indictment to allege the name of the owner of the private residence; in fact the authorities so far as we are aware hold the other way. Prior v. State, 4 Texas, 383; Wilson v. State, 5 Texas, 21. Sheppard v. State, 1 Texas Crim. App., 304. The second proposition is not supported by the indictment. It shows an allegation to the effect that appellant did bet at a game played at the residence of a private family. It is not necessary to allege that any particular thing was bet; the general allegation being sufficient. Long v. State, 22 Texas Crim. App., 194.

Nor do we think the contention is well taken that the evidence is not sufficient. It shows there were three or four games played in which five or six parties indulged in appellant's residence, where he and his family resided, and in the dining room of said residence; that these games occurred shortly after the holidays. The two witnesses testifying to these facts participated. We believe that under the authorities this is sufficient evidence to show that it was a common resort for gambling. Wheelock v. State, 15 Texas, 257; State v. Norton, 19 Texas, 102; Lynn v. State, 27 Texas Crim. App., 590; Hopkins v. State, 33 S. W. Rep., 975; Floeckinger v. State, 45 Texas Crim. Rep., 199. The judgment is affirmed.

*Affirmed.*