**Ronald Gerald ADLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00720–CR.**

Court of Appeals of Texas, Dallas.

June 12, 1984.

Discretionary Review Granted Oct. 31, 1984.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beveryly, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, ALLEN and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a conviction for gambling promotion for which appellant received a sentence of three years, probated. For the reasons below, we affirm.

In his first ground of error, appellant contends the trial court erred in denying his motion to quash the indictment on the grounds that it was unconstitutionally vague. He specifically complains that the indictment failed to describe the alleged bet; failed to describe his conduct with respect to the bet; failed to describe the parties to the bet; failed to allege that "something of value" was bet and what it was; and failed to allege the date of the bet.

Similar attacks on the constitutionality of TEX.PENAL CODE ANN. § 47.03 (Vernon 1974) (Gambling Promotion) have been made. *See Powell v. State*, 624 S.W.2d 818 (Tex.App.—Beaumont 1981, no pet.). Also, in other jurisdictions with similar statutes, constitutional attacks have been made on grounds of vagueness. *See State v. Koo*, 647 P.2d 889 (Okla.Crim.App. 1982), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). In *Powell*, the court held that the language of the statute is "clear, specific, and easily understandable by any person of ordinary intelligence." *Powell* 624 S.W.2d at 819; *see also State v. Koo*, 647 P.2d at 891. We so hold also.

The indictment in the instant case tracks § 47.03(a)(2):

RONALD GERALD ADLEY ... on or about the 16 day of September in the year of our Lord One Thousand Nine Hundred and 82 ... did unlawfully, intentionally and knowingly receive a bet, by telephone, placed by FRED COCHRAN on the final result of a professional football game to be played between the Cleveland Browns and Philadelphia Eagles on September 19, 1982.

The test of the notice sufficiency of an indictment is whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare a defense. *Jeffers v. State*, 646 S.W.2d 185, 187 (Tex.Crim. App.1981) (*en banc*). Usually, where language used in the indictment tracks the statutory provision, the indictment is sufficient to give adequate notice. *Marrs v. State*, 647 S.W.2d 286, 289 (Tex.Crim.App. 1983) (*en banc*); *Bollman v. State*, 629 S.W.2d 54, 55 (Tex.Crim.App.1982). Further, the indictment stated the activity on which the bet was based. *See Chapa v. State*, 170 Tex.Crim. 509, 342 S.W.2d 430,

431 (1961). Also, the parties to the bet were named; the time was alleged, *see Hill v. State*, 544 S.W.2d 411, 413 (Tex.Crim. App.1976); *Watkins v. State*, 635 S.W.2d 869, 871 (Tex.App.—Tyler 1982, no pet.); and the manner (viz, the telephone) by which appellant received the bet was alleged. *Jeffers*, 646 S.W.2d at 188. We note that it was not necessary to allege that any particular thing was bet. *Herrin v. State*, 50 Tex.Crim. 351, 97 S.W. 88, 89 (1906). The indictment was sufficient to give notice of the offense. We overrule appellant's first ground of error.

In his second ground of error, appellant contends that the trial court erred in overruling his motions to quash the indictment for ambiguity in that it failed to give notice of whether he was charged under TEX.PENAL CODE ANN. § 47.02(a)(1) (Vernon Supp.1984) or TEX.PENAL CODE ANN. § 47.03(a)(2) (Vernon 1974). TEX.PENAL CODE ANN. § 47.02(a)(1) (Gambling) provides that:

(a) A person commits an offense if he:

(1) makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest.

TEX.PENAL CODE ANN. § 47.03(a)(2) (Gambling Promotion) provides that:

(a) A person commits an offense if he intentionally or knowingly does any of the following acts:

(2) receives, records, or forwards a bet or offer to bet.

Appellant contends that, to be charged under § 47.03(a)(2), there must be an allegation in the indictment that a bet was made between two or more persons other than appellant. He cites no authority for this proposition. Appellant argues that one can only "receive" a bet which is already in existence between other people, and thus it was impossible to know whether he was charged under § 47.03(a)(2) or § 47.02(a)(1), i.e. "making" a bet (which would not require two other people). The word "receive" means "to take, as something that is offered, sent, paid, or the like; to accept."

WEBSTER'S NEW COLLEGIATE DICTIONARY 705 (1961).

 Neither the term "receives" nor "makes" has been statutorily defined. However, the Practice Commentary to § 47.03 states the following about that section:

It is aimed at the professional gambler, one who solicits or aids others to gamble and profits from the gambling by playing with advantageous odds or by charging the other participants for use of the facilities or equipment. These are the elements that distinguish social gambling, in which the only possibility of exploitation arises from the superior skill of a player, from commercial gambling, in which the promoter is ensured a profit regardless of his skill or luck in playing the game.

This does not necessarily require that two parties other than the person who received the bet be involved to constitute a § 47.-03(a)(2) violation. The number of people who are involved in bets that the appellant receives is irrelevant. If the legislature had intended that the bet had to be between two other people when received, it would have so specified. We do not find any reason to infer that one can receive a bet only from two other people. We overrule appellant's second ground of error.

 In his third ground, appellant contends that the trial court erred in overruling his motions to quash, or alternatively, his motion to dismiss or transfer because the indictment charged a misdemeanor. He argues that, because § 47.03(a)(2) must involve at least two persons other than himself and because the indictment alleges only one other person, he was actually accused of making a bet under § 47.02(a)(1) as opposed to receiving one. Thus, the court had no jurisdiction over the misdemeanor offense. Again, he cites no authority for this novel proposition. Furthermore, as pointed out above, the indictment tracks the felony statute, and there is no reason to infer that it requires a bet between two other people. We overrule this ground.

■ In his final ground of error, appellant contends that the evidence was insufficient to support the conviction. He concedes that this ground of error is predicated on his novel theory contained in the previous ground. We have, nevertheless, examined the evidence and find it sufficient. We overrule this ground.

Affirm.