**Willard Bryant JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00807–CR.**

Court of Appeals of Texas,
Dallas.

June 28, 1985.

Rehearing Denied July 30, 1985.

Discretionary Review Granted
Oct. 23, 1985.

Edgar A. Mason, Dallas, for appellant.

Leslie McFarlane, Asst. Dist. Atty., Dallas, for appellee.

ALLEN, Justice.

Appellant, Willard Bryant Johnson, appeals his conviction for gambling promotion. We conclude that the indictment in this case fails to give appellant adequate notice of whether he was charged with *receiving* a bet, in violation of TEX.PENAL CODE ANN. § 47.03(a)(2) (Vernon 1974), or with *making* a bet, in violation of TEX.PENAL CODE ANN. § 47.02(a)(1) (Vernon Supp.1985). Thus, the indictment in this case suffers from a defect which cannot withstand a motion to quash for insufficiency of notice. Accordingly, we sustain appellant's second ground of error that the trial court erred in denying his motion to quash and reverse the judgment on that basis.

The indictment in this case alleges that appellant "did unlawfully, intentionally and knowingly receive, over the telephone, a bet made by FRED COCHRAN on the final result of a college football game to be played between Texas A & M University and Baylor University on October 16, 1982, whereby defendant [appellant] and FRED COCHRAN orally agreed that FRED COCHRAN stood to win $500.00 in United States currency from defendant if Baylor University won said game or lost said game by less than two points or to lose $550.00 in United States currency to defendant [appellant] if Texas A & M University won said game by more than two points ..."

Hence, at first, the indictment alleges that appellant *received* a bet from Cochran, but then, in setting forth the transaction between appellant and Cochran, the indictment alleges that appellant *made* a bet with Cochran. Consequently, it is impossible to tell from the face of the indictment whether the State meant to indict appellant for receiving a bet, in violation of section 47.03(a)(2), or for making a bet, in violation of section 47.02(a)(1).

Appellant filed a motion to quash based, in part, on insufficiency of notice. Thus, the failure of the indictment to give appellant precise notice of the offense charged against him in itself compels reversal. *Jeffers v. State*, 646 S.W.2d 185, 188 (Tex. Crim.App.1981).

The concurrence would have this court overrule its prior decision in *Adley v. State*, 675 S.W.2d 240 (Tex.App.—Dallas 1984, pet. granted) and declare sections 47.-03(a)(2) and 47.02(a)(1) unconstitutional. However, the indictment in this case suffers from a fatal defect which does not stem from any alleged constitutional problem with these provisions, and there is thus no need for this court to address the issue of the constitutionality of these provisions. Therefore, since a decision on the issue of these provisions' constitutionality is not absolutely necessary for a decision on this case, this court *should* not address that issue. *Smith v. State*, 658 S.W.2d 172 (Tex.Crim.App.1983).

There is thus also no warrant for overruling our prior decision in *Adley*. The indictment in *Adley* clearly charged the defendant only with the offense of receiving a bet and so is distinguishable from the indictment in the present case. *Adley*, 675 S.W.2d at 241.

Because we hold that the indictment in this case is fatally defective, we reverse the judgment of conviction and order dismissal of the indictment.

WHITHAM, J., concurring, joined by DEVANY, HOWELL and McCLUNG, JJ.

GUITTARD, C.J., and AKIN, CARVER, STEPHENS, SPARLING, VANCE, GUILLOT and MALONEY, JJ., join in the majority opinion.

WHITHAM, Justice, concurring.

I concur in part and respectfully dissent in part. The majority sustains appellant's second ground of error, reverses and orders dismissal of the indictment. I would overrule appellant's second ground of error. I would, however, sustain appellant's

third ground of error and reverse and remand with instructions to the trial court to enter a judgment of acquittal. Therefore, I concur that the judgment of the trial court must be reversed. I dissent, however, as to the instructions or orders to be given the trial court following reversal. In sustaining appellant's third ground of error, I would hold that the trial court erred in overruling appellant's motion to quash, inasmuch as TEX.PENAL CODE ANN. § 47.03(a)(2) (Vernon 1974), the statute under which appellant was convicted, is unconstitutionally vague. Consequently, I would overrule our prior decision in *Adley v. State*, 675 S.W.2d 240, 241 (Tex.App.—Dallas 1984, pet. granted) that section 47.-03(a)(2) was not unconstitutionally vague.

My disagreement with the majority centers on its holding that the indictment fails to give appellant adequate notice of whether he was charged with *receiving* a bet, in violation of TEX.PENAL CODE ANN. § 47.03(a)(2) (Vernon 1974), or with *making* a bet, in violation of TEX.PENAL CODE ANN. § 47.02(a)(1) (Vernon Supp. 1985).

The indictment in this case alleges that appellant "did unlawfully, intentionally and knowingly receive, over the telephone, a bet made by FRED COCHRAN on the final result of a college football game to be played between Texas A & M University and Baylor University on October 16, 1982, *whereby* defendant [appellant] and FRED COCHRAN *orally agreed* that FRED COCHRAN stood to win $500.00 in United States currency from defendant if Baylor University won said game or lost said game by less than two points or to lose $550.00 in United States currency to defendant [appellant] if Texas A & M University won said game by more than two points ..." (emphasis added).

In my view, the majority fails to recognize the import of the indictment's language *"whereby* [appellant] and FRED COCHRAN *orally agreed* that FRED COCHRAN stood to win...." (emphasis added). Moreover, the word "whereby" is critical and must not be disregarded. Un-

fortunately, the majority ignores the grand jury's use of the word "whereby" in the indictment's language. The majority reads the indictment as possibly charging appellant with either of two separate offenses; a duplicitous pleading. The word "whereby", however, is grammatically and logically equivalent to the words "and by it." *Acme Food Co. v. Older*, 64 W.Va. 255, 61 S.E. 235, 236 (1908). Thus, the word "whereby" does not subject the pleading to the rule against duplicity. 61 S.E. at 236. Hence, I conclude that there was no allegation of more than one offense in the indictment. I reach this conclusion because, in my view, the grand jury alleged that "and by it [the telephone transaction between appellant and Cochran]" *an agreement was made*. If an agreement was made between Cochran and appellant, it follows that what appellant received was not an existing bet (as read by the majority), but an offer to bet from Cochran. To my mind, recognition of the quoted language and attention to the word "whereby" dictate the conclusion that the indictment gives appellant adequate notice that he was charged with violation of section 47.03(a)(2) by receiving an *offer* to bet. Thus, as I read the indictment, it gives appellant adequate notice of that fact. Consequently, I would hold that the indictment provides appellant with adequate notice. Accordingly, I would overrule appellant's second ground of error except to the extent of the constitutional issues raised which I discuss under appellant's third ground of error.

Before considering appellant's third ground of error raising constitutional questions, I must address appellant's first and fourth grounds of error. It is well settled that the constitutionality of a statute will not be determined in any case unless such a determination is absolutely necessary to decide the case in which the issue is raised. *Smith v. State*, 658 S.W.2d 172, 174 (Tex. Crim.App.1983).

In his first ground of error, appellant contends that the trial court erred in overruling his motion for judgment of acquittal. Appellant argues that the stipulated testi-

mony of Fred Cochran disclosed *only* the commission of a misdemeanor offense under TEX.PENAL CODE ANN. § 47.02(a)(1) (Vernon Supp.1985). I disagree. As shown by my discussion of appellant's third ground of error, Cochran's testimony also disclosed the commission of an offense under section 47.03(a)(2). I would overrule appellant's first ground of error.

In his fourth ground of error, appellant contends that the trial court erred in overruling appellant's motion to quash on the basis that appellant's conduct was proscribed under section 47.02(a)(1), a specific statute, complete within itself, which provided a lesser punishment than the general statute, section 47.03(a)(2).[1] I read this contention and appellant's argument to be similar to appellant's first ground of error and argument. Consequently, I would overrule appellant's fourth ground of error.

Therefore, having discussed all of appellant's grounds of error except his third, I address the constitutional issues raised therein and express my views as to why appellant's third ground of error must be sustained. In his third ground of error, appellant contends that the trial court erred in overruling appellant's motion to quash the indictment which alleged that section 47.03(a)(2) and section 47.02(a)(2) are unconstitutionally vague and overbroad.[2]

Section 47.02(a)(1) reads:

(a) A person commits an offense if he:
(1) makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest.

Section 47.03(a)(2) reads:

(a) A person commits an offense if he intentionally or knowingly does any of the following acts:
(2) receives, records, or forwards a bet or offer to bet.

TEX.PENAL CODE ANN. § 47.01(1) (Vernon 1974) defines a "bet" as "an agreement that, dependent on chance even though accompanied by some skill, one stands to win or lose something of value."

Again, the indictment in this case alleges that appellant "did unlawfully, intentionally and knowingly receive, over the telephone, a bet made by FRED COCHRAN on the final result of a college football game to be played between Texas A & M University and Baylor University on October 16, 1982, whereby defendant [appellant] and FRED COCHRAN *orally agreed* that FRED COCHRAN stood to win $500.00 in United States currency from defendant if Baylor University won said game or lost said game by less than two points or to lose $550.00 in United States currency to defendant [appellant] if Texas A & M University won said game by more than two points..." (emphasis added). Under section 47.01(1), however, to receive "a bet" would be to receive an agreement already made, not an offer to make an agreement. The indictment, however, states the manner in which appellant committed the alleged offense by charging that appellant and Cochran "orally agreed." Thus, it is evident that what appellant allegedly received was not a bet, but an *offer* to bet from Cochran. Consequently, I conclude that the State indicted appellant under section 47.03(a)(2) charging that appellant violated section 47.03(a)(2) by receiving an *offer* to bet.

It is an offense under section 47.03(a)(2) to receive an offer to bet. The word "receive" is not statutorily defined. In ordinary use, "to receive" is "to take, as something that is offered, sent, paid, or the like; to accept." WEBSTER'S NEW COLLEGIATE DICTIONARY 705 (6th ed. 1961). Thus, it is an offense under section 47.03(a)(2) to *accept* an offer to bet. Section

---

**1.** Although appellant's fourth ground of error alleges that appellant's conduct was only proscribed under section 47.02(a)(2), his argument in his brief makes it clear that he means to say that his conduct was only proscribed under section 47.02(a)(1).

**2.** Although appellant's third ground of error alleges that section 47.02(a)(2) is unconstitutionally vague and overbroad, his argument in his brief makes it clear that he means to say that section 47.02(a)(1) is unconstitutionally vague and overbroad.

47.02(a)(1), however, makes it an offense to *make* a bet "on the partial or final result of a game or contest or on the performance of a participant in a game or contest." To make a bet is to be a party to a betting agreement—to be either the person who offers the bet and finds his offer accepted or the person who accepts an offer to bet. Thus, *accepting* an offer to bet on a game or contest is a violation of section 47.-02(a)(1). A violation of section 47.02(a)(1) is a Class C misdemeanor. A violation of section 47.03(a)(2), however, is a third degree felony. Thus, section 47.02(a)(1) carries a less severe penalty. Therefore, two different code provisions denounce *accepting an offer to bet* on a game or contest as an offense, yet these different code provisions attach to the offense denounced a different penalty. The court of criminal appeals, in *Moran v. State*, 135 Tex.Cr.R. 645, 122 S.W.2d 318, 320 (1938), held that two articles of the penal code which defined the same offense, but provided different penalties, were invalid under Article 6 of the Penal Code then in effect which provided that: "Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed, or from some other written law of the state, such penal law shall be regarded as wholly inoperative." *Accord Ex parte Sanford*, 163 Tex.Cr.R. 160, 289 S.W.2d 776, 780 (1956); *Stevenson v. State*, 145 Tex.Cr.R. 312, 167 S.W.2d 1027, 1028–29 (1943). Thus, the court in *Moran* in effect held that two penal code provisions which define the same offense, but give that offense different penalties are "so indefinitely framed or of such doubtful construction that [they] cannot be understood."

Although section 47.02(a)(1) and section 47.03(a)(2) do not define *exactly* the same offense, inasmuch as section 47.02(a)(1) prohibits the acceptance of betting offers *on games or contests*, I nonetheless conclude that the principle enunciated in *Moran* applies to these two penal code provisions. The rationale behind the *Moran* holding is that penal code provisions which do not give definite notice of the penalty that is attached to particular conduct are too uncertain with respect to the penalty to be understood. This rationale does *not*, of course, apply to the situation in which one provision carries a more severe penalty than the other and includes more elements in its definition of the prohibited conduct. For example, a particular act might warrant a prosecution for either capital murder, which carries the supreme penalty, or for murder, which carries a lesser penalty, since the capital murder provision includes in its definition of capital murder all the elements of murder. TEX.PENAL CODE ANN. § 19.03(a) (Vernon Supp.1985). Yet, despite the fact that the same act may be punishable under either the capital murder or murder provisions, because the capital murder provision not only carries a more severe penalty, but also includes more elements than the murder provision, the *Moran* principle would not invalidate these two provisions. The reason for this is that if one provision prescribes a greater penalty and includes more elements than the other, a person is on notice that if he engages in conduct constituting the elements of the less severely punished offense, he will be subject to a greater penalty only if he also engages in conduct constituting the additional element or elements in the more severely punished offense. A person thus has definite notice of what kind of conduct subjects him to the less severe penalty only and what kind of conduct subjects him also to the more severe penalty. Hence, for example, a person has notice that, if he commits acts constituting the elements of murder, he will be liable for the death penalty only if his conduct *also* constitutes the additional elements of capital murder. In the present case, however, the code provision with the *less* severe penalty contains the additional element, namely, that the accepted offer to bet be on a game or contest. This additional element does not serve to set off a kind of conduct that is subject *only* to the lesser penalty, since accepting an offer to bet on a game or contest is still accepting an offer to bet and

is, therefore, still subject to the more severe penalty of section 47.03. Consequently, nothing could give a person notice of what kind of conduct would subject him *only* to the lesser penalty attached to section 47.02(a)(1) and what kind of conduct would subject him *also* to the more severe penalty attached to section 47.03(a)(2).

I conclude that the failure to give this notice is fatal to sections 47.02(a)(1) and 47.03(a)(2). A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential [element] of due process of law. *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). As put by the Court of Criminal Appeals in *Ex parte Halsted,* 147 Tex.Cr.R. 453, 182 S.W.2d 479, 482 (1944):

Under our system of government, the legislature has the power to pass any and all laws which to it may seem proper, so long as same violate no provisions of our State or Federal Constitutions. A law must be sufficiently definite that its terms and provisions may be known, understood, and applied. An Act of the legislature which violates either of said Constitutions, or an Act that is so vague, indefinite, and uncertain as to be incapable of being understood, is void and unenforcible [sic]. A void law affords no basis for a criminal prosecution.

And later in *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978) (en banc), quoting from *Halsted:*

... a "law must be sufficiently definite that its terms and provisions may be known, understood, and applied. An Act of the legislature which violates either of said Constitutions [Federal or Texas] or an Act that is so vague, indefinite, and uncertain as to be incapable of being understood, is void and unenforcible." [sic]

I conclude that in the present case it is the existence of the two statutes side by side that creates the unconstitutional vagueness. Both statutes prohibit the acceptance of a bet on a game or contest.

With both section 47.02(a)(1) and section 47.03(a)(2) as the law of this State, prosecutors have no standards for deciding whether the act of accepting a bet offer on a game or contest is a felony or a misdemeanor. Thus, prosecutors have unlimited and unguided discretion in deciding whether a person who has accepted a bet offer on a game or contest has committed a felony or misdemeanor. The following hypothetical example should illustrate the point. Two persons are seated next to each other at the Texas A & M—Baylor football game mentioned in the indictment. Spectator number one turns to spectator number two and says, "I offer to bet you one dollar that Baylor wins the game." Spectator number two replies, "I accept your offer." Under section 47.01(1) a bet has been made. Spectator number one has violated section 47.-02(a)(1), a misdemeanor. Spectator number two has violated both section 47.02(a)(1), the misdemeanor, and section 47.03(a)(2), a felony. Undercover officer Cochran, who is at the game also, overhears the bet and arrests both. Whether spectator number two is arrested or prosecuted for a felony or a misdemeanor will depend on how seriously the State of Texas, through its police officers and prosecutors, perceives spectator number two as a threat to society. As pointed out above, the State's choice in the illustration cannot be based on circumstances involved in prosecution for a lesser included offense. Instead, the manner of unfettered discretion vested in police and prosecutors to determine which of two particular criminal offenses has been committed cannot withstand constitutional challenge. It is clear that sections 47.02(a)(1) and 47.03(a)(2) cannot be applied according to a certain, consistent, and uniform standard. As a result, they must necessarily encourage arbitrary and erratic arrests and convictions. Hence, they are unconstitutionally vague for that reason also. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972).

Thus, because of the uncertainty in the penalty prescribed in 47.02(a)(1) and 47.-03(a)(2), these provisions must fall. I would hold, therefore, that sections 47.-

02(a)(1) and 47.03(a)(2) are void for vagueness and sustain appellant's third ground of error. I express no opinion on the validity of either statute were it the only statute prohibiting the acceptance of an offer to bet on a game or contest. No such question is before the court.

In light of the decision I would reach, I do not reach appellant's contention in appellant's third ground of error that sections 47.02(a)(1) and 47.03(a)(2) are overbroad. There can be no doubt that appellant was convicted under the felony statute, section 47.03(a)(2), rather than the misdemeanor statute, section 47.02(a)(1). Punishment was assessed at two years confinement in the Texas Department of Corrections, probated for two years, plus a fine of $1,000.00. Since appellant's conviction came under section 47.03(a)(2), a void statute, there exists no valid law denouncing as a crime the acts charged against appellant. Accordingly, the trial court's judgment should be reversed and the case remanded with instructions to enter a judgment of acquittal. Consequently, I would reverse and remand with instructions to enter a judgment of acquittal.

DEVANY, HOWELL and McCLUNG, JJ., join in this concurring opinion.