**John Edsel DOWDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 040–85.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 26, 1986.

Don M. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., and Jeffrey B. Keck, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of the felony offense of gambling promotion. V.T.C.A., Penal Code, § 47.03(a)(2). After the trial court overruled his pre-trial motion to quash the indictment, the appellant entered into a plea bargain, waived trial by jury and entered a guilty plea before the court. The court assessed punishment at two years' confinement in the Department of Corrections and a $500.00 fine, probated.

In his motion to quash and in three grounds of error on appeal appellant asserted the indictment is defective because (1) it is vague and indefinite; (2) it fails to allege the person from whom appellant received a bet and the person with whom a bet was placed; and (3) it charges appellant with violating an unconstitutional statute. The Dallas Court of Appeals rejected all three of appellant's contentions and affirmed the conviction in an unpublished opinion. *Dowdy v. State*, (No. 05–83–01269–CR—Nov. 5, 1984). The Court of Appeals expressly held § 47.03(a)(2) to be constitutional, relying upon its earlier decision in *Adley v. State*, 675 S.W.2d 240 (Tex.App.—Dallas 1984).

We granted appellant's petition for discretionary review to determine the correctness of the decision of the Court of Appeals, appellant's grounds of review corresponding to his three grounds of error.

Only recently in *Adley v. State*, 713 S.W.2d 350 (Tex.Cr.App.1985), this Court reversed the court in *Adley v. State*, 675 S.W.2d 240 (Tex.App.—Dallas 1984), and held that V.T.C.A., Penal Code, § 47.03(a)(2), "insofar as it prohibits receiving a bet is unconstitutionally vague and unenforceable as a penal sanction."

We adhere to our decision in *Adley*. For the same reasons stated there, the judgments of the Court of Appeals and the trial court are reversed and the cause is remanded to the trial court for dismissal of the indictment.

See Dissenting Opinion: 713 S.W.2d 350.