**350**

Tommy Lee DOWDY, Appellant,

v.

The STATE of Texas, Appellee.

and

John Edsel DOWDY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 039–85—Tommy Lee,
040–85—John Edsel.

Court of Criminal Appeals of Texas,
En banc.

Feb. 26, 1986.

Don M. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty. and Jeffrey B. Keck, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

For majority opinions see, 713 S.W.2d 348, 713 S.W.2d 349.

CLINTON, Judge, dissenting.

Unlike the situation in *Adley v. State* (Tex.Cr.App. No. 0786–84, delivered November 6, 1985, motion for rehearing denied this day), appellants in these causes properly raised in the trial court and presented on appeal their contention that V.T.C.A. Penal Code, § 47.03(a)(2) is impermissibly vague and ambiguous when considered in juxtaposition with *id.*, § 47.02(a)(1). After the Dallas Court of Appeals upheld the statute on the strength of its opinion in *Adley v. State*, 675 S.W.2d 240 (Tex.App.—Dallas 1984), appellant sought and we granted review to examine the reasons for and the decision of the court of appeals. Articles 44.24(c) and 44.45(b)(1).

Now, without considering the State's pending motion for rehearing, the majority adheres to its opinion on original submission in *Adley* and iterates that § 47.03(a)(2) "insofar as it prohibits receiving a bet is unconstitutionally vague and unenforceable as a penal sanction." I disagree both with the approach and the result.

The *Adley* majority easily ascertained the legislative intent and purpose to differentiate penal treatment of the social gambler and the exploitative commercial gambler (read: "bookmaker"), to the end that only the latter suffered felony penalties. However, it faults the Legislature for failing to define "make" or "receive," opining that in light of generally understood meaning of the words, *vis a vis* a bet, one may be at once "both maker and receiver of a bet." In my judgment that analysis is simplistically superficial, ignoring as it does axioms of statutory construction.

Until *Adley* it was axiomatic that a statute enacted by the Legislature is presumed to be valid and as well as all others this Court was dutybound to repulse an attack on the constitutionality of a statute by holding out a construction that sustains its validity over one that strikes it down. *Ex parte Groves*, 571 S.W.2d 888, 893 (Tex.Cr. App.1978); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Cr.App.1978); *Newsom v. State*, 372 S.W.2d 681, 683 (Tex.Cr.App. 1963); accord: *Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Cr.App.1980).

The majority errs in removing "receives" from its environment and then viewing it in isolation with "makes." It is academic whether theoretically A may "make" a bet by accepting an offer from B and thereby also "receive" a bet from B. Common usage of single words may well lead to uncommon interpretation of a statute. The quest is to find meaning from intentions in its enactment, properly considering appropriate construction aids in the process. V.T.C.A. Government Code, §§ 311.021 & 311.023, Code Construction Act, at 818–819 (1986 Pamphlet).

Without canvassing every guideline it is clear enough to me that considering § 47.-02(a)(1) in its context, particularly the defense to prosecution allowed in (b), the

proscription is aimed at the one who in the words of the instant indictments "placed" a bet "on the final result of a professional basketball game" therein identified. On the other hand, in § 47.03(a)(2) the context gives more meaning to "receives" than its common usage; "receives, records, or forwards a bet or offer to bet" is each a facet of the work of the exploitative commercial gambler, at whom those and all other offenses denounced by § 47.03 are directed.

Thus construed § 47.03(a)(2) remains viable and enforceable as a penal sanction in the manner intended by the Legislature in enacting it.

To its demise at the hands of this Court, I respectfully dissent.

McCORMICK, J., joins.