**Willard Bryant JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1007–85.**

Court of Criminal Appeals of Texas, En Banc.

March 5, 1986.

Edgar A. Mason, Dallas, for appellant.

Henry Wade, Dist. Atty. and Leslie McFarlane, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

This Court granted the State's petition for discretionary review in order to review the decision of the Dallas Court of Appeals in *Johnson v. State*, 695 S.W.2d 686 (Tex. App.-Dallas, No. 05–84–00807–Cr, June 28, 1985), which opinion was authored by Justice Allen, with Chief Justice Guittard and Justices Akin, Carver, Stephens, Sparling, Vance, Guillot and Maloney joining therein, and with Justice Whitham concurring with opinion, with Justices Devany, Howell and McClung joining therein.

On behalf of the court of appeals, Justice Allen held that the indictment, which charged Willard Bryant Johnson, hereinafter referred to as the appellant, with the offense of gambling promotion, by receiving a bet over the telephone on the final result of the college football game between Texas A & M University and Baylor University on October 16, 1982, was subject to the appellant's motion to quash. By the allegations of the indictment, A & M was a 2-point favorite over Baylor. History tells us that the final score of that game was A & M 28, Baylor 23; thus A & M "beat the line" by 3 points.

Contrary to nine of the justices of the court of appeals, Justices Whitham, Deva-

---

ny, Howell, and McClung believed that Sections 47.03(a)(1) and 47.03(a)(2) should be declared unconstitutional.

Since granting the State's petition for discretionary review, this Court has decided *Adley v. State* (Tex.Cr.App., No. 786–84, November 6, 1985).

In *Adley*, this Court held that V.T.C.A., Penal Code, Section 47.03(a)(2), "insofar as it prohibits receiving a bet is unconstitutionally vague and unenforceable as a penal sanction." Also see *Dowdy v. State*, 713 S.W.2d 348 (Tex.Cr.App.1986); 713 S.W.2d 349 (Tex.Cr.App.1986).

In light of our holding in *Adley v. State*, supra, also see *Dowdy v. State*, supra, the judgment of the court of appeals is reversed and the cause remanded to the trial court for it to dismiss the indictment in this cause.

CLINTON and McCORMICK, JJ., dissent for the reasons stated in the dissenting opinion filed by CLINTON, J., in *Dowdy v. State*, supra.