The STATE of Texas, Appellant,

v.

James Winford TAYLOR, Appellee.

No. 13–89–299–CR.

Court of Appeals of Texas, Corpus Christi.

March 8, 1990.

Grant Jones, Dist. Atty., Corpus Christi, for appellant.

Albert A. Pena, III, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY, and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

The State appeals from an order dismissing the indictment filed against James Winford Taylor for "Keeping A Gambling Place" in violation of Tex.Penal Code Ann. § 47.04(a) (Vernon 1989). We affirm the trial court's order.

Taylor filed a pretrial motion to dismiss the indictment alleging:

The statute as applied in this indictment is unconstitutional in that it purports to make the building in question a "gambling place" in that the Defendant is alleged to have received bets by telephone. In charging the Defendant with receiving a bet the State is trying to enforce a statute which is unconstitutionally vague and unenforcible as a penal sanction.

At the hearing on Taylor's motion, both sides relied principally upon *Adley v. State*, 718 S.W.2d 682 (Tex.Crim.App.1985). In *Adley*, the Court of Criminal Appeals determined that a closely related portion of the Penal Code, then-section 47.03(a)(2), Gambling Promotion, was unconstitutionally vague. *See* Acts 1973, 63rd Leg., p. 883, ch. 399 § 1. Defendant Taylor argued that since section 47.04(a) contained much the same language as former section 47.-03(a)(2), it too was unconstitutional. The State, on the other hand, argued that section 47.04(a) focused on the gambling place, and since section 47.03(a)(2) focused on the gambling act, *Adley* did not apply. Now, in its sole point of error, the State makes this same argument.

Former section 47.03(a)(2) was held unconstitutional because it failed to identify clearly what conduct the legislature intended to criminalize. As the Court pointed out in *Adley*, the Legislature sought to design a scheme where certain gambling conduct was not an offense; where certain gambling conduct was a misdemeanor; and where certain gambling conduct was a felony. Private social gambling was intended not to be criminal. Non-social gambling and non-private social gambling were classified as misdemeanors in Tex.Penal Code Ann. § 47.02 (Vernon 1989), while forms of gambling promotion were designated as felonies in other sections.

█ Given this intent, it became necessary for constitutional purposes that the statutes relating to gambling be drafted so that offenders and those engaged in law enforcement could ascertain what, and how severely, certain conduct was to be penalized. Laws which fail to provide fair notice of what conduct is criminal offend the Federal Constitution because they delegate basic policy decisions to policemen, judges, and juries for resolution on an ad hoc and subjective basis, allowing arbitrary and discriminatory enforcement. *See Bynum v. State*, 767 S.W.2d 769, 773 (Tex.Crim.App. 1989); *May v. State*, 765 S.W.2d 438, 439 (Tex.Crim.App.1989).

The *Adley* Court reasoned that since the legislative intent behind former section 47.-03(a)(2) was to punish the act of bookmaking, a statute which permitted prosecutions for gambling conduct other than bookmaking was unconstitutionally vague. Since former section 47.03(a)(2) made it a felony for anyone to "receive" a bet, the court found that the statute neither restricted prosecutions to those engaged in bookmaking nor gave the ordinary person fair notice of what conduct constituted the felony offense. Furthermore, any person who received a bet was guilty of a felony under section 47.03 and a misdemeanor under sec-

tion 47.02, but the statutes failed to notify the offender and authorities when the receiver should be punished as a felon. Accordingly, the Court of Criminal Appeals held the statute to be unconstitutionally vague. *Adley,* 718 S.W.2d at 685.

The real problem with former section 47.03(a)(2) was not that the term "receive" was itself vague or incapable of being defined but that, in context with the other gambling provisions, the term included persons who were not meant to be included.

■ With this background, we now turn to the present case. We are mindful that in passing on a vagueness challenge, a court should not consider hypothetical situations but should scrutinize the statute only to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. *See Bynum,* 767 S.W.2d at 774; *Briggs v. State,* 740 S.W.2d 803, 805 (Tex.Crim.App.1987). Assuming that Taylor acted as alleged in this indictment, set out below, we look to see if the statute provided (1) Taylor with notice so that he could ascertain to what extent his conduct was criminal, and (2) law enforcement authorities sufficient standards to prevent arbitrary and discriminatory enforcement.

■ The indictment alleged that Taylor:

did then and there knowingly use certain property under the control of the said James Taylor, namely, a building located at 4406 Dolphin in Corpus Christi, Nueces County, Texas, as a gambling place, namely for the telephonic receiving of bets ...

Section 47.04(a) provides, in part, that a person commits an offense if he uses a building to receive bets.

As in *Adley,* the statutory scheme fails to define when a person who receives a bet in a place under his control should be prosecuted for Keeping a Gambling Place, a felony under section 47.04, or for Gambling, a misdemeanor under section 47.02. Presumably, a person could be prosecuted under section 47.04 when his conduct does not constitute anything more than the violation of section 47.02 in a private place.

The statutory scheme does not provide law enforcement authorities any criteria for choosing when to punish the receiver as a felon instead of a misdemeanant, nor does it notify the offender when his conduct will be prosecuted as a felony instead of a misdemeanor.

Section 47.03 was meant to punish the act of bookmaking. Section 47.04 was meant to punish the person who furnishes a location for bookmaking.

For section 47.04 to fit properly within the statutory scheme, it must exclude places where bet receivers are not engaged in bookmaking. It does not. Under the statute's present form and in the present case, the State could obtain a conviction of Taylor for Keeping A Gambling Place on evidence which merely showed that he "received bets" at a certain building. The statute does not require, as it should, that the receipt of bets at the location constituted bookmaking.

Since the indictment in this case only alleged that Taylor controlled a place that "received bets," without specifying that he controlled a place where the act of bookmaking occurred, we find that the trial court did not err in dismissing the indictment. The State's sole point of error is overruled. The order of the trial court dismissing the indictment is AFFIRMED.

KENNEDY, J., not participating.