Larry Paris POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 81 003 CR.

Court of Appeals of Texas,
Beaumont.

Nov. 25, 1981.

George Michael Jamail, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted in a jury trial of Gambling Promotion, under *V.T.C.A., Penal Code, Sec. 47.03(a)(1).* [All statutory references herein are to *V.T.C.A., Penal Code.*] Punishment was assessed by the jury at two years in the Texas Department of Corrections, probated, and a fine of $5,000.

Grounds of Error Nos. 1 and 2 urge that *Subsection 47.03(a)(2)* * of the Penal Code is unconstitutional because *Section 47.01* of the Penal Code does not define the words "make," "receive," "record," or "settle" and, as such, it denies his right to due process and equal protection of law under both the U.S. and Texas Constitutions.

First, appellant was convicted under *Section 47.03(a)(1)* which does not include the challenged words.

Second, the challenged words are clear, specific, and easily understandable by any person of ordinary intelligence. *Floyd v. State,* 575 S.W.2d 21 (Tex.Cr.App.1978), appeal dism'd, 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979); *McMorris v. State,* 516 S.W.2d 927 (Tex.Cr.App.1974); *Ely v. State,* 582 S.W.2d 416 (Tex.Cr.App.1979); *Powell v. State,* 538 S.W.2d 617 (Tex.Cr. App.), cert. denied, 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298 (1976); *Ramirez v. State,* 518 S.W.2d 546 (Tex.Cr.App.1975). These grounds are overruled.

Grounds of Error Nos. 3 and 4 complain that while the indictment avers appellant operated a gambling place *and* recorded bets on a football game, it does not specifically allege the manner or means by which appellant "operated" a gambling place.

* *Subsection 47.03(a)(2)* makes it "gambling promotion" if one intentionally or knowingly re-

The indictment tracks the applicable portions of *Section 47.03(a)(1)* and *Subsection 2* of *Section 47.01* (definition of "gambling place") and is legally sufficient. *May v. State,* 618 S.W.2d 333 (Tex.Cr.App. 1981); 30 Tex.Jur.2d *Indictment & Information* § 27 (1962). The State is not required to plead its evidence. *May v. State,* supra; *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1980).

Ground of Error No. 5 urges error in that there is insufficient evidence in the record to support the conviction. Appellant was not charged for personally recording bets as he seems to often imply in his brief but for Gambling Promotion. Richard Oliver's testimony fully supports the judgment. This ground is overruled. Ground of Error No. 6 is without merit and is overruled.

Ground of Error No. 7 complains of the trial court's refusal to submit the following instruction:

"You are instructed that the fact that a witness is an accomplice goes to his credibility and while his testimony may not be disregarded merely because he is an accomplice such testimony should be received and acted on with caution and should be scrutinized closely."

*Section 47.09(d)* of the Penal Code expressly provides that "[a] conviction under this chapter [Gambling] may be had upon the uncorroborated testimony of a party to the offense." Hence, it would have been improper for the court to give such a charge. *Lemasters v. State,* 164 Tex.Cr.R. 108, 297 S.W.2d 170 (1956).

Appellant's eighth ground of error asserts: "The Trial Court erred in refusing to submit a charge to the jury which encompassed the lesser offense of possession of gambling paraphernalia.

For a defendant to be entitled to a charge on a lesser included offense, the

ceives, records or forwards a bet or offer to bet.

evidence must raise the issue that if he bears any guilt at all, he is guilty only of the lesser offense. We do not have that situation here. See *Smith v. State*, 491 S.W.2d 924, 927 (Tex.Cr.App.), cert. denied, 414 U.S. 1025, 94 S.Ct. 451, 38 L.Ed.2d 317 (1973); *Dovalina v. State*, 564 S.W.2d 378, 383 (Tex.Cr.App.1978); and *Watson v. State*, 605 S.W.2d 877, 883–884 (Tex.Cr.App. 1980). To follow appellant's contention, all defendants would be automatically entitled to a charge on a lesser included offense merely because proof of the greater offense with which he is charged also suffices to prove the lesser. This ground of error is overruled.

Appellant's ninth ground of error asserts error because the trial court refused an instruction on circumstantial evidence. The testimony of the witnesses Oliver and Burris constituted direct evidence. Therefore, no such charge was necessary. See *Grimes v. State*, 168 Tex.Cr.R. 341, 327 S.W.2d 583 (1959); *Ash v. State*, 134 Tex. Cr.R. 208, 114 S.W.2d 889 (1938). This ground of error is overruled.

Appellant's Grounds of Error Ten and Eleven urge a tape recording of certain phone calls constituted an intrusion outside the scope of the warrant in violation of the U.S. and Texas Constitutions.

The affidavit for warrant here alleges, inter alia, that:

> "There is at said suspected place and premises property concealed and kept in violation of the laws of Texas and described as follows: gambling equipment, books, records, writings, scratch sheets, and any other means of recording and registering bets and wagering, gambling promotion, and keeping a gambling place."

These phone calls were certainly "any other means of recording and registering bets and wagering," etc., and, therefore, within the general scope of the warrant. See *U.S. v. Fuller*, 441 F.2d 755 (4th Cir.), cert. denied, 404 U.S. 830, 92 S.Ct. 73–4, 30 L.Ed.2d 59 (1971). And we fail to see what rights he might assert in communications from another's telephone not addressed to

him. See *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979); *U.S. v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); *Rovinsky v. State*, 605 S.W.2d 578 (Tex.Cr. App.1980); *Flaherty v. State*, 255 Ark. 187, 500 S.W.2d 87 (1973). These grounds of error are overruled.

Appellant's twelfth ground of error asserts that tape recordings of the phone calls were hearsay.

These tapes were admissible to show the nature of the enterprise being operated (i.e., a "gambling place") and not to show the truth of the matters stated therein. *Herndon v. State*, 543 S.W.2d 109 (Tex.Cr.App. 1976); 1A R. Ray, *Texas Law of Evidence*, §§ 795, 796 (Texas Practice 3rd ed. 1980); *Gholson v. State*, 542 S.W.2d 395 (Tex.Cr. App.1976), cert. denied, 432 U.S. 911, 97 S.Ct. 2960, 53 L.Ed.2d 1084 (1977). This ground is overruled.

Grounds of Error Nos. 13 and 14 urge that the tape recordings of the phone calls were not admissible as not being voluntary, and the identification of the speakers was not established.

Two police officers attempted to satisfy the requirements of *Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Cr.App.1977) by testifying:

1. The device used was capable of making the recording.

2. They knew how to operate it.

3. They had listened to it and the conversations on the tape were an authentic and correct recording of the conversations they had with the callers.

4. There were no alterations, changes, or deletions.

5. It had been preserved by locking it in the evidence locker at the police station until it was brought to the courthouse for the trial.

6. They could and did identify the voices on the tape as their own voices and the actual voices of the people who called in while they were answering the phone.

7. The calls were voluntarily made by the callers, and they did not induce or solicit any of the calls.

It was established on cross examination that the officers did not know the names of the callers.

As we have previously stated in this opinion, for the nature of the offense charged, it was only important for the State to show that calls for bets were made. Who made them or the truth of the statements made is not important. The testimony of the two officers established that the calls were voluntary. We have been cited to no Texas authority, nor have we found any, involving this precise question. However, the following are supportive of our holding. *People v. Spicer*, 61 Ill.App.3d 748, 18 Ill.Dec. 705, 378 N.E.2d 169 (5th Dist. 1978), reversed on other grounds, 79 Ill.2d 173, 37 Ill.Dec. 279, 402 N.E.2d 169 (1979), cert. denied, 446 U.S. 940, 100 S.Ct. 2162, 64 L.Ed.2d 794 (1980); *Stroup v. State*, 552 S.W.2d 418 (Tenn.Cr. App.), cert. denied, 434 U.S. 955, 98 S.Ct. 480, 54 L.Ed.2d 313 (1977). Further, *Edwards v. State*, supra at 733, says: "[T]he admission of tape recordings is discretionary with the trial court."

These grounds are overruled.

Finding no error, we affirm the judgment of the trial court.

AFFIRMED.