**Ex parte John Elbert HEANER, Applicant. (Two Cases)**

**Nos. 69775, 69776.**

Court of Criminal Appeals of Texas, En Banc.

May 6, 1987.

Jeffrey G. Malm, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

These are original applications for writ of habeas corpus which were ordered consolidated for purposes of submission and disposition.[1]

Relying on *Adley v. State,* 718 S.W.2d 682 (Tex.Cr.App.1985), applicant asserts each proceeding is void and alleges he is suffering adverse collateral consequences; he seeks relief from "restraints imposed upon him as a result."

Applicant committed the felony offense of gambling promotion, proscribed by V.T. C.A. Penal Code, § 47.03(a)(2), *viz:*

"(a) A person commits an offense if he intentionally or knowingly does *any* of the following acts:

(1) * * *

(2) receives, records, *or* forwards a bet or offer to bet;

* * *"[2]

Each indictment charges in pertinent part that applicant

"did then and there intentionally and knowingly *receive* and *record* a bet and offer to bet, over the telephone [or in person], from a person known to the Grand Jury only as bettor # 733 [or whose betting number is 215] ... to-wit:

---

1. In Cause No. 69,775 applicant pleaded guilty and was adjudged to be guilty of gambling promotion, his punishment was assessed at confinement for two years and a five hundred dollar fine, probated for the same period of time. In Cause No. 69,776 he also pleaded guilty and the trial court found that the evidence adduced substantiates his guilt, but deferred adjudication and placed applicant on probation for a term of two years and imposed a fine of one thousand dollars. Applicant successfully completed both probations and has been discharged.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

a football game [or basketball game] ..."

As well as his pleadings, the record made by applicant consists of the indictment in each cause, a judgment of probation in one and conditions of probation in the other. Other than that each offense is designated gambling promotion or promotion of gambling, we are not informed by pleadings or record precisely which act or acts denounced by the statute and alleged in indictments applicant was shown to have committed. That is, whether he "received" *or* "recorded" a bet or offer to bet.

Contrary to his contention that "the statute upon which the prosecution [is] based is unconstitutional," *Adley v. State,* supra, invalidated § 47.03(a)(2) upon a finding that "insofar as it prohibits *receiving* a bet, [it] is unconstitutionally vague and unenforceable as a penal sanction." *Id.,* at 685. Limited by the indictment that Adley did "receive a bet," the Court was not called on to find, and in terms did not find, that the statutory prohibition against "recording" a bet is unconstitutionally vague and unenforceable.

Since we cannot say that the adverse collateral consequences applicant alleges he is suffering flow from his committing the offense of "receiving" as opposed to "recording" a bet, and constitutionality of the latter statutory proscription is not challenged, applicant has not shown his entitlement to the relief for which he prays.

Accordingly, relief is denied.

TEAGUE, J., would dismiss the application rather than deny relief.