NO. 12-01-00222-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


RONNY FITE,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

 Ronny Fite ("Appellant") appeals his conviction for intentionally and knowingly obtaining
criminal history record information for a non-criminal justice purpose, (1) for which he was sentenced
to confinement for one hundred eighty days, probated for one year, and fined two thousand dollars,
with one thousand dollars probated for one year. Appellant raises three issues on appeal. We affirm.


Background

 During March 2000, campaigns for city elections for Whitehouse, Texas were underway. 
The Whitehouse election secretary, Cheryl McGinnis ("McGinnis"), received information regarding
mayoral candidate Christian Reagan ("Reagan") that she thought might disqualify him. McGinnis
was discussing with Appellant, who was the Whitehouse City Manager, how she could gain access
to Reagan's criminal records to verify his qualifications to run for office when Bob Overman
("Overman"), the City Marshal, entered the room and participated in the conversation as well.
Appellant suggested that information should be obtained from an entity other than the Whitehouse
Police Department. Overman stated that he knew of a way they could get the information, and
Appellant encouraged Overman to obtain the information from this alternate source. Overman
placed a phone call to Clyde Carter ("Carter") at the Overton, Texas Police Department, and
requested that Carter run a criminal history report on Reagan. Carter ran the report for Overman,
related the arrest and conviction information to Overman over the phone and subsequently shredded
the report. Overman then announced to Appellant and McGinnis that Reagan had been previously
arrested for passing a bad check. 

 Appellant was charged with intentionally and knowingly obtaining criminal history record
information for a non-criminal justice purpose. The matter subsequently proceeded to trial. A jury
found Appellant guilty as charged and sentenced him to confinement for one hundred eighty days,
probated for one year, and fined Appellant two thousand dollars, with one thousand dollars probated
for one year.


Legal Sufficiency

 In his first issue, Appellant contends that the evidence is legally insufficient to support the
jury's verdict. Legal sufficiency is the constitutional minimum required by the Due Process Clause
of the Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S.
307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6
S.W.3d 1, 6 (Tex. App.- San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).

 The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge would include one that "accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of
liability, and adequately describes the particular offense for which the defendant is tried. Id. 
Moreover, a hypothetically correct jury charge would correctly instruct the jury on the law of parties. (2) 
See Planter v. State, 9 S.W.3d 156, 158 n.3 (Tex. Crim. App. 1999); Blanco v. State, 962 S.W.2d
46, 47 (Tex. Crim. App. 1998).

 A person is criminally responsible as a party to an offense if the offense is committed by his
own conduct, by the conduct of another for which he is criminally responsible, or both. Tex. Pen.
Code. Ann. § 7.01(a) (Vernon 1994). A person is criminally responsible for an offense committed
by the conduct of another if, acting with intent to promote or assist the commission of the offense,
he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex.
Pen. Code. Ann. § 7.02(a)(2) (Vernon 1994). Therefore, under the law of parties, the State is able
to enlarge a defendant's criminal responsibility to acts in which he may not have been the principal
actor. See Romo v. State, 568 S.W.2d 298, 300 (Tex. Crim. App. 1977) (opinion on rehearing).

 In order to successfully prosecute a conviction pursuant to Texas Government Code section
411.085 as authorized in the indictment in this case, the State of Texas (the "State") was required
to prove that Appellant intentionally or knowingly used such information for an unauthorized
purpose. See Tex. Gov't. Code Ann. § 411.085. Furthermore, the State could have satisfied its
burden by proving that Appellant, acting with intent to promote or assist the commission of the
offense, solicited, encouraged, directed, aided, or attempted to aid another person to commit the
offense. See Tex. Pen. Code. § 7.02(a)(2). It is undisputed that Overman intentionally and
knowingly contacted Carter, who related to Overman criminal history record information concerning
Reagan. Moreover, in his testimony to the grand jury, Appellant admitted that he suggested that
Overman obtain the information on Reagan from an entity other than the Whitehouse Police
Department and encouraged Overman, who claimed to have an alternate source from which to obtain
the information, to procure the information from that source. However, Appellant argues that there
is no evidence that he used the information for an unauthorized purpose. The record reflects
otherwise.

 Section 411.083 of the Texas Government Code provides that criminal history record
information maintained by the Department of Public Safety (the "Department") is confidential
information for the use of the Department and may be disseminated by the Department to a criminal
justice agency only for a criminal justice purpose. See Tex. Gov't. Code Ann. § 411.083 (Vernon
Supp. 2003). Moreover, criminal history record information obtained from the Department by a
criminal justice agency may be released by that criminal justice agency to another criminal justice
agency if such release is for a criminal justice purpose. See Tex. Gov't. Code Ann. § 411.089
(Vernon 1998). The term "criminal justice purpose" means either (1) an activity that is included in
the administration of criminal justice or (2) screening of applicants for employment with a criminal
justice agency. See Tex. Gov't. Code Ann. § 411.082(4) (Vernon 1998). "Administration of
criminal justice" means the performance of any of the following activities: detection, apprehension,
detention, pretrial release, post-trial release, prosecution, adjudication, correctional supervision or
rehabilitation of an offender. Tex. Code Crim. Proc. Ann. art. 60.01(1) (Vernon Supp. 2003); see
also Tex. Gov't. Code Ann. § 411.082(1) (Vernon 1998). The term also includes criminal
identification activities and the collection, storage, and dissemination of criminal history record
information. See Tex. Code Crim. Proc. art. 60.01(1). 

 In the instant case, it is undisputed that the only reason Overman obtained the criminal
history information on Reagan was to check his qualifications as a mayoral candidate. Further, the
evidence reflects that Overman held the office of City Marshal, which is not part of the Department
of Public Safety. See Tex. Gov't. Code Ann. § 411.002(a) (Vernon Supp. 2003); Tex. Loc. Gov't
Code Ann. § 341.021-341.022 (Vernon 1999). Finally, the record indicates that neither Appellant
nor Overman was engaging in an activity included in the administration of criminal justice, see Tex.
Code Crim. Proc. art. 60.01(1), nor screening applicants for employment with a criminal justice
agency, and thus, had no right to obtain such criminal history information from the Department. (3) 
As such, there is evidence of record to support that Overman intentionally or knowingly obtained
criminal history record information related to Reagan in an unauthorized manner. Since the record
likewise reflects that Appellant encouraged Overman to obtain the information in such a manner, 
there was sufficient evidence to support that Appellant was criminally responsible as a party to the
offense. Therefore, the evidence was legally sufficient to support the jury's verdict. Appellant's first
issue is overruled.


Factual Sufficiency

 In his second issue, Appellant contends that the evidence is factually insufficient to support

the jury's verdict. In considering factual sufficiency, an appellate court must first assume that the
evidence is legally sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996). The appellate court then considers all of the evidence in the record related
to Appellant's sufficiency challenge, not just the evidence which supports the verdict. The appellate
court reviews the evidence weighed by the jury which tends to prove the existence of the elemental
fact in dispute, and compares it to the evidence which tends to disprove that fact. Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). The court is authorized to disagree with the jury's
determination, even if probative evidence exists which supports the verdict. Clewis, 922 S.W.2d at
133. However, factual sufficiency review must be appropriately deferential so as to avoid the
appellate court's substituting its own judgment for that of the fact finder. The court's evaluation
should not substantially intrude upon the jury's role as the sole judge of the weight and credibility
of witness testimony. Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's
verdict on such matters is generally regarded as conclusive. See VanZandt v. State, 932 S.W.2d 88,
96 (Tex. App.- El Paso 1996, pet. ref'd). Ultimately, a reviewing court must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside "only if the evidence supporting
guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting
evidence, as to render the conviction clearly wrong and manifestly unjust." Ortiz v. State, No.
73692, 2002 WL 31116634, at * 5 (Tex. Crim. App. Sept. 25, 2002). 

 In the instant case, it is undisputed that Overman intentionally and knowingly contacted
Carter, who related to Overman criminal history record information concerning Reagan. Overman's
undisputed reason for obtaining the information on Reagan was to check Reagan's qualifications as
a mayoral candidate. Such a reason is not listed under the activities comprising the administration
of criminal justice, see Tex. Code Crim. Proc. art. 60.01(1), or any other section of Texas
Government Code chapter 411 authorizing persons to obtain criminal history record information. (4) 
Finally, the evidence is undisputed that Appellant encouraged Overman to contact Overman's
alternate source to obtain such information on Reagan.

 In his brief, Appellant has not cited to any contradicting great weight of evidence concerning
the issue of whether the criminal history information was obtained in an unauthorized manner. 
Moreover, a review of the record as a whole does not uncover any such evidence so as to cause us
to conclude that the proof of guilt is so obviously weak as to undermine our confidence in the jury's
verdict, nor that the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Therefore, the evidence is factually sufficient to support the jury's verdict. 
Appellant's second issue is overruled. 


Vagueness

 In his third issue, Appellant argues that Texas Government Code section 411.085 is
unconstitutional because it fails to define proscribed conduct with sufficient definiteness that
ordinary people can understand what conduct is prohibited and fails to establish guidelines which
would prevent arbitrary enforcement of the law. A penal law is void for vagueness if it fails to
define the criminal offense with sufficient definiteness that ordinary people can understand what
conduct is prohibited or fails to establish guidelines to prevent arbitrary and discriminatory
enforcement of the law. City of Chicago v. Morales, 527 U.S. 41, 64-65, 119 S. Ct. 1849, 1863, 144
L. Ed. 2d 67 (1999) (O'Connor, J. concurring). A statute which forbids or requires the doing of an
act in terms so vague that men of common intelligence must necessarily guess at its meaning and
differ as to its application violates the first essential of due process of law. Adley v. State, 718
S.W.2d 682, 685 (Tex. Crim. App. 1986). 

 In the case at hand, Section 411.085 states that a person commits an offense if he knowingly
or intentionally obtains criminal history record information in an unauthorized manner. See Tex.
Gov't Code 411.085(a)(1). Section 411.083 states that criminal history record information
maintained by the Department is confidential information for the use of the Department and may not
be disseminated by the Department except as provided by that subchapter. See Tex. Gov't Code
411.083(a). Further, criminal history record information obtained from the Department by a criminal
justice agency may be released by that criminal justice agency to another criminal justice agency if
such release is for a criminal justice purpose. See Tex. Gov't Code Ann. § 411.089. The term
"criminal justice purpose" means "an activity that is included in the administration of criminal
justice." Tex. Gov't Code § 411.082(4)(A). Texas Code of Criminal Procedure article 60.01
specifically sets forth activities which comprise the "administration of criminal justice." See Tex.
Code Crim. Proc. art. 60.01(1). 

 The terms of the statute in question are not so vague that men of common intelligence must
necessarily guess at its meaning and differ as to its application. In sum, Texas Government Code
section 411.085 proscribes a person from obtaining criminal history record information in an
unauthorized manner. Section 411.083 provides that criminal history record information is
confidential information for use by the Department, and may be disseminated by the Department to
a criminal justice agency only for a criminal justice purpose. Moreover, a criminal history record
information obtained from the Department by a criminal justice agency may be released by that
criminal justice agency to another criminal justice agency if such release is for a criminal justice
purpose. See Tex. Gov't Code Ann. § 411.089. The term "criminal justice purpose" is defined by
Section 411.082(4)(A) as "an activity that is included in the administration of criminal justice." 
Section 411.082(1) refers to Texas Code of Criminal Procedure article 60.01 for a definition of the
term "administration of criminal justice." Article 60.01 specifically sets forth an exclusive list of
activities comprising the administration of criminal justice. Thus, a person who is an authorized
member of a criminal justice agency may obtain criminal history record information from the
Department or from another criminal justice agency for use in the conduct of the activities set forth 





in Texas Code of Criminal Procedure article 60.01(1). (5) Appellant's third issue is overruled. 

 Accordingly, we affirm the judgment of the trial court.

 LOUIS B. GOHMERT, JR. 

 Chief Justice



Opinion delivered December 11, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.































(DO NOT PUBLISH)












COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



December 11, in the Year of our Lord 2002



NO. 12-01-00222-CR



RONNIE FITE,


Appellant


V.


THE STATE OF TEXAS,


Appellee







 Appeal from the County Court at Law


 of Smith County, Texas. (Tr.Ct.No. 001-81550-01)








 THIS CAUSE came to be heard on the appellate record and briefs filed
herein, and the same being inspected, it is the opinion of this Court that there was no error in the
judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed and that this decision be certified to the court
below for observance.

 Louis B. Gohmert, Jr., Chief Justice.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.










THE STATE OF TEXAS


M A N D A T E


TO THE COUNTY COURT AT LAW OF SMITH COUNTY, GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 11th
day of December, 2002, the cause upon appeal to revise or reverse your judgment between


RONNIE FITE, Appellant



NO. 12-01-00222-CR and Tr. Ct. Case Number 001-81550-01



Opinion by Chief Justice Louis B. Gohmert, Jr.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:

 THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the
same being inspected, it is the opinion of this Court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court
below Be In All Things Affirmed and that this decision be certified to the court below for
observance.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk 

1. See Tex. Gov't. Code Ann. § 411.085 (Vernon 1998).
2. Based on our review of the record, it appears that the State requested, and the trial court granted, an
instruction on the law of parties and changes to the application paragraph to include the same. However, we note
that the court's charge, in its final form, is not included in the clerk's record. Furthermore, although the reporter's
record indicates that the charge was read to the jury, the transcription of such a reading is omitted. 
3. Sections 411.089 through 411.136 of the Texas Government Code contain further provisions regarding
who may obtain criminal history information and to what uses they may put the information. See Tex. Gov't Code
Ann. §§ 411.089-.136 (Vernon 1998 & Supp. 2003). Based on the record in the instant case, neither Appellant nor
Overman was authorized to obtain criminal history record information pursuant to these statutes.
4. See n.3.
5. See also n.3.