Opinion issued March 18, 2010.

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00494-CR

———————————

State of Texas, Appellant

V.

LawRENCE KELOM
SILLER, Appellee



 



 

On Appeal from the County Court at Law No. 4

Fort Bend County, Texas



Trial Court Case No. 128795

 



O P I N I O N

After real estate developer Lawrence
Siller burned piles of timber in connection with a landclearing operation, the
State of Texas charged River Forest Development Company (River Forest) and Siller,
its principal, by information with the misdemeanor offense of unlawful outdoor
burning, a violation of section 111 of the Texas Administrative Code, issued
pursuant to section 7.002 of the Texas Water Code.  See
Tex. Health & Safety Code Ann. § 382.011 (Vernon 2004); Tex. Water Code Ann. § 7.002
(Vernon 2000); Tex. Admin. Code
§ 111.201 (2004).  River Forest and
Siller moved to quash the indictments on the basis that the outdoor burning
regulations promulgated by the Texas Commission on Environmental Quality (TCEQ)
pursuant to the Texas Clean Air Act were unconstitutionally vague.  After a hearing, the trial court granted the
motions to quash.  

The State appeals this ruling, contending that the trial
court erred in concluding that the regulation’s ban on outdoor burning except
“when no practical alternative to burning exists” is not vague and complies
with constitutional due process requirements. 
We reverse and remand the case for trial.

BACKGROUND

River Forest, acting through Siller, hired a contractor to
help clear some right-of-ways in a heavily-wooded fifty-acre tract located
along the Brazos River in Fort Bend County. 
In connection with the landclearing operation, Siller decided the most
expedient way to dispose of the large trees was to burn them and directed the
contractor accordingly.  Siller burned
twenty large piles of timber over a two-week period.

At the hearing on the motions to quash, Siller testified that
he believed that he could burn on his own property and had been doing so for
years.  Siller contacted the Fort Bend
County fire marshal to inform him of the burning plan, and the fire marshal
gave him a copy of the TCEQ requirements. 
Siller reviewed the requirements, but admittedly did not contact the
TCEQ before beginning the burn in December 2006.

          The
State learned about the burning and, by information, charged that Siller and
River Forest, 

on or about June 2006, did then and there
intentionally or knowingly cause, allow, or permit outdoor burning within the
State of Texas in violation of Title 30, Administrative Code Rule
§ 111.201, and the outdoor burning was not authorized by the Executive
Director of the Texas Commission on Environmental Quality, nor was the outdoor burning
authorized by any exception contained in Title 30, Texas Administrative Code
Rule § 111.

River
Forest and Siller moved to quash the informations, contending that the legal
provision underlying the charges was unconstitutionally vague.  After a hearing on the motions, the trial
court signed orders quashing the informations. 





 

DISCUSSION

Void for vagueness challenge

The State contends that the trial court erred in quashing the
informations as unconstitutionally vague. 
We review de novo a trial court’s ruling on a motion to quash.  State v.
Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  

All criminal laws must give fair notice as to what activity
is made criminal so that the people have fair warning of what is
forbidden.  Bynum v. State, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989).  Defendants have a constitutional right to be
informed of the nature and cause of the accusation against them.  See U.S. Const. amend. VI; Tex. Const. art. I, § 10.  The Texas Constitution requires that the
charging instrument provide fair notice, in plain and intelligible language, of
the act or omission alleged.  See Tex.
Const. art. I, § 10; Riney v.
State, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).  

We begin our review of a challenge to a statute’s
constitutionality with the presumption that the statute is valid and the
legislature has not acted unreasonably or arbitrarily in enacting it.  Rodriguez
v. State, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); Ex parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).  If a statute does not substantially implicate
constitutionally protected conduct or speech, it is valid unless it is
impermissibly vague in all applications. 
State v. Holcombe, 187 S.W.3d
496, 499 (Tex. Crim. App.) (citing Vill.
of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495,
102 S. Ct. 1186, 1191 (1982)), cert.
denied, 549 U.S. 824, 127 S. Ct. 176 (2006).  

We apply a two-part inquiry to determine if a criminal
statute is unconstitutionally vague.  To
overcome a vagueness challenge, a criminal statute must define the offense (1)
with sufficient specificity that ordinary people can understand what actions
are prohibited, and (2) in a manner that does not permit arbitrary and
discriminatory enforcement.  See Holcombe, 187 S.W.3d at 499.  Either the lack of notice or lack of
guidelines for law enforcement constitutes an independent ground for finding a
statute void for vagueness.  Adley v. State, 718 S.W.2d 682, 685
(Tex. Crim. App. 1985).  

A party challenging the constitutionality of a statute bears
the burden “to show that in its operation the statute is unconstitutional to
him in his situation; that it may be unconstitutional to others is not
sufficient.”  Bynum, 767 S.W.2d at 774; see
Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App.1992); Rodriguez v. State, 47 S.W.3d 86, 88
(Tex. App.—Houston [14th Dist.] 2001, pet. ref’d); accord Howeth Invs., Inc. v.
City of Hedwig Village, 259 S.W.3d 877, 903–04 (Tex. App.—Houston [1st
Dist.] 2008, pet. denied) (quoting In re
Commitment of Fisher, 164 S.W.3d 637, 655 (Tex. 2005)).  Courts must decide constitutional issues
narrowly based on the precise facts of the case, not on speculative or
hypothetical injuries.  In re C.M.D., 287 S.W.3d 510, 515 (Tex.
App.—Houston [14th Dist.] 2009, no pet.); Tex.
Dep’t of Family & Prot. Servs. v. Dickensheets, 274 S.W.3d 150, 155
(Tex. App.—Houston [1st Dist.] 2008, no pet.); see Corwin v. State, 870 S.W.2d 23, 29 (Tex. Crim. App. 1993) (“That
there may be marginal cases in which it is difficult to determine the side of
the line on which a particular fact situation falls is no sufficient reason to
hold language too ambiguous to define a criminal defense”; if defendant’s
conduct falls within “core” conduct proscribed by criminal statute, then
statute is constitutional to that defendant); Bynum, 767 S.W.2d at 774 (pointing out that hypotheticals are of
no value in examining vagueness challenge).

The parties disagree
about the stringency of the defendant’s burden to prove vagueness.  River Forest and Siller, relying on Connally v. General Construction Co.,
contend that the prohibited conduct "must be so clearly expressed that the
ordinary person can intelligently choose, in advance, what course it is lawful
for him to pursue.”  269 U.S. 385, 393,
46 S. Ct. 126, 128 (1926).  They take
exception to the State’s reliance on Bynum
v. State for the proposition that a statute meets the due process standard
so long as the “ordinary, law-abiding individual received sufficient
information that his or her conduct risked violating a criminal law.”  767 S.W.2d 769, 773 (Tex. Crim. App. 1989), cited in Griffin Indus., Inc. v. State,
171 S.W.3d 414, 417 (Tex. App.—Corpus Christi 2005, pet. ref’d).  Since deciding Connally, the United States Supreme Court has applied the standard
enunciated in Connally to reject
other regulatory challenges, like the one River Forest and Siller bring here,
when the condition at issue is narrowly defined.  See Papachristou
v. City of Jacksonville, 405 U.S. 156, 92 S. Ct. 839 (1972).  “In the field of
regulatory statutes governing business activities, where the acts limited are
in a narrow category, greater leeway is allowed.”  Id.
at 163, 92 S. Ct. at 844.  Connally stands for the proposition that
a citizen must receive fair notice of unlawful conduct.

Because statutes are presumed constitutional, a defendant who
attacks that presumption should raise a void-for-vagueness challenge as an
affirmative defense to enforcement of the statute at trial.  Id.;
see also State v. Scott, 460 S.W.2d
103, 107 (Tex. 1970).  Here, River Forest
and Siller properly raised their challenge to the constitutionality of the
statute in their motions to quash, contending that certain outdoor burning
provisions in the Texas Clean Air Act were unconstitutional because they failed
to give proper notice to the public about what conduct constitutes an offense
and what conduct is lawful.  The trial
court held a hearing on the issue and sought additional briefing on the issue
from the parties.  

The Texas Outdoor Burning Regulations

Outdoor burning is unlawful in the State of Texas except as
specifically provided.  30 Tex. Admin. Code § 111.201 (Vernon
2004).  The exception at issue in this case
is that for disposal fires, including landclearing.  The applicable provision provides that legal
burning includes 

on-site burning of trees, brush, grass, leaves, branch trimmings, or
other plant growth, by the owner of the property or any other person authorized
by the owner, and when the material is generated only from that property: . . .
in a county that is part of a designated nonattainment area or that contains
any part of a municipality that extends into a designated nonattainment area;
if the plant growth was generated as a result of right-of-way maintenance, landclearing
operations, and maintenance along water canals when no practical alternative to
burning exists. 

30 Tex. Admin. Code § 111.209(4)(A) (2004).  The Code defines “practical alternative” as
“an economically, technologically, ecologically, and logistically viable option.” 
30 Tex. Admin Code
§ 111.203(4) (2004).  

Motions to Quash

River Forest and Siller’s motions to quash attacked the
“statute underlying the charge” as a whole, but their constitutional challenge
focuses on whether the regulation’s term “practical alternative” and its
definition provide sufficient notice of the conduct subject to criminal
prosecution.  The State contends that the
regulation is valid and that River Forest and Siller committed an offense
because (1) they failed to contact the TCEQ to obtain an exception for their
outdoor burning, and (2) River Forest and Siller are familiar with the rules
and terms used in outdoor burning from their experience in the landclearing
industry, and therefore had notice as to what conduct constituted an
offense.  

In considering the State’s first contention, we look to the
plain language of Chapter 30 of the Texas Administrative Code in effect on the
date of the charged offense.  Section 111.203(4)
provides that:

When possible, the notification of intent to burn should be made to the
appropriate commission regional office prior to the proposed
burn. . . . Commission notification or approval is not required.

30 Tex. Admin. Code § 111.203(4).  The challenged provision does not require an
entity to obtain approval from the TCEQ before acting under a statutory
exception to the outdoor burning prohibition; it only urges the entity to do so
when possible.  The hortatory term does,
however, cut against River Forest and Siller’s constitutional challenge.  See Village
of Hoffman Estates, 455 U.S. at 498, 102 S. Ct. at 1193 (explaining that economic
regulation is subject to less stringent vagueness test, because its subject
matter is often more narrow and because “the regulated enterprise may have the
ability to clarify the meaning of the regulation by its own inquiry, or by
resort to an administrative process.”).[1]


We next consider the State’s second contention that the term
“practical alternative” as used in the Texas Administrative Code gave Siller
and River Forest notice concerning the kind of conduct that violates the
provision.  According to the State, the
statute is not unconstitutionally vague because, as developers, River Forest
and Siller were aware of the TCEQ requirements and familiar with its rules, and
understood the challenged term but opted to disregard it.  

A regulation’s use of terms like “practical” or
“practicable,” is not fatal to a regulation’s constitutionality even if the
term is left undefined.  See Sproles v. Binford, 286 U.S. 374, 393, 52 S. Ct. 581, 587
(1932) (holding that use of terms “nearest practicable common carrier receiving
or loading point” and “shortest practicable route to destination,” in statute
limiting net loads of trucks operating over state highway, did not render
statute too vague to be understood); see
also Ahearn v. State, 588 S.W.2d 327, 338 (Tex. Crim. App. 1979) (observing
that even when statute contains undefined terms, lack of definition, standing
alone, does not render statute unconstitutional).  Here, the TECQ defines “practical alternative,”
explaining that it is “an economically, technologically, ecologically, and logistically viable option.”  30 Tex.
Admin. Code § 111.203(3). 
River Forest and Siller admitted that they had a copy of the outdoor
burning regulations but did not contact the TCEQ for clarification even though
it was possible to do so before beginning the burn.  Further, Siller explained in his testimony to
the trial court that he considered “logistics and costs” in determining whether
a practical alternative to burning existed, and did not claim any lack of
understanding about the requirement that he also take into consideration
whether an alternative to outdoor burning is technologically or ecologically
viable.[2]  In light of the statute, Siller considered
and rejected alternatives like hauling and trench burning.  Siller’s testimony does not support a
conclusion that an ordinary individual would fail to understand the law because
it was too vague in describing the conduct it sought to deter.  The record thus does not overcome the
presumption that laws passed by the Legislature are constitutional.  

Although they have asserted a viable statutory defense of
practicality to urge acquittal at trial, River Forest and Siller have failed to
meet the requisite burden for their facial constitutional challenge based on
vagueness.  We thus hold that the trial
court erred in granting their motions to quash. 


Conclusion

We hold that the Texas Clean Air Act’s outdoor burning
regulation exception to criminal sanction for fires when “no practical
alternative to burning exists” is not unconstitutionally vague.  Accordingly, we reverse the judgment of the
trial court and remand the case for trial.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel consists of Justices Jennings, Hanks, and Bland.

 

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]  We also
observe that, several years before the burning incident, the Field Operations
Division of the Texas Natural Resource Conservation (now the TCEQ) published a
handbook concerning the outdoor burning regulations specifically for public
use.  See
Outdoor Burning in Texas (RG-49, revised Nov. 2000), available at http://www.nmenv.state.nm.us/aqb/projects/openburn/TX-OBguiderule.pdf (last accessed Jan. 14, 2010).  The Frequently Asked Questions section
contains a section on landclearing that states the following:

 

I have some
uncleared property inside city limits that I would like to develop.  Hauling the trees and brush off would not be
practical because it is too expensive. 
May I dispose of the trees and brush by burning?

 

Unless the county or municipal government has enacted
ordinances that permit burning consistent with state law, this situation does
not meet any of the exceptions to the prohibition on outdoor burning.  You may need to consider alternatives such as
chipping or trench burning.  If there is
no practical alternative, you may request written permission from the TNRCC for
authorization to burn.  Such requests are
evaluated on a case-by-case basis.  Contact
the appropriate TNRCC regional office for guidance.  

 

Id. at 10.





[2]  River Forest
and Siller have not made any contention or presented any evidence under the
second prong of the vagueness inquiry—that law enforcement officers arbitrarily
applied the regulation to their conduct. 
See Adley v. State, 718 S.W.2d
682, 685 (Tex. (Tex. Crim. App. App. 1985);
State v. Fry, 867 S.W.2d 398, 403 (Tex. App.—Houston [1st Dist.] 1993, no
pet.).  We therefore do not consider it.